IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

GEORGE OWEN LAMBUS                                                              PLAINTIFF

VS.                                              Civil Action No. 3:11-CV-00270-HTW-LRA

JACKSON STATE UNIVERSITY
DEFENDANT

**ORDER OF DISMISSAL**

      Before this court is Jackson State University's ("JSU") motion to dismiss.  An academic institution codified under Title 37, Chapter 125 of the Mississippi Code of 1972, JSU is a four (4) year university located in Jackson, Mississippi.  Plaintiff George Owen Lambus ("Lambus"), a former JSU degree-seeking student, acting *pro se*, opposes the motion.

      Lambus is suing JSU, claiming that JSU has violated his civil rights.  JSU contends on the other hand, that Lambus's complaint should be dismissed in its entirety pursuant to the authority of Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1]  JSU further asserts that Lambus has failed to meet the pleading requirements for a Title 42 U.S.C. § 1983[2] lawsuit and that any state law claims possibly embedded in his

---

[1] Federal Rules of Civil Procedure 12(b)(6) states in its pertinent part: "How to Present Defenses. Every defense to a claim for relief may be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: . . . failure to state a claim upon which relief can be granted."

[2] Title 42 U.S.C. § 1983 states: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or

complaint are subject to dismissal under the Mississippi Tort Claims Act ("MTCA").[3] JSU additionally argues that it enjoys immunity from lawsuits of this type under the Eleventh Amendment of the United States Constitution.[4]

This court is persuaded by JSU's arguments.  Accordingly, this court is persuaded to grant JSU's motion to dismiss this lawsuit.

## I. Statement of Fact

The facts of this case are sparse.  According to Lambus' complaint, JSU, acting through its campus police, harassed and sought to intimidate him while he was running as a Republican candidate for Mayor of the City of Jackson, Mississippi.  As a means of dealing with crime in the city, Lambus says he advocated lynching.  Antagonistic to his Republican candidacy and to his crime-solving solution, Lambus says that JSU tampered with his grades and prevented him from obtaining his master's degree.

In response to JSU's Motion to Dismiss, Lambus further alleged that JSU intentionally inflicted emotional distress upon him, falsely imprisoned him, and embarrassed him when security officers marched him across campus.

Although these grievances occurred between 2008 and 2009, Lambus did not bring this suit until 2011.

---

omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia."
[3] Miss. Code § 11-46-9, et seq.

[4] U.S. CONST. amend. XI; *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100; 104 S.Ct. 900; 79 L.Ed.2d 67.

## II. F.R.C.P Rule 12(b)(6)

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court may dismiss a complaint when the plaintiff fails to "state a claim upon which relief can be granted." In order to withstand a motion for dismissal under Rule 12(b)(6), the plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face."[5]

The United States Supreme Court has held that the requirement that a "court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[6]

## III. Sufficiency of the Complaint

Lambus' complaint alleges political discrimination and subsequent punishment by JSU.  Lambus' complaint is plainly "threadbare"; it merely alleges conclusory facts (e.g. "the University did not like my campaign" or "my grades were tampered with.")   His abbreviated complaint offers no specific details, events or even identities of actors.  No alleged background facts are even mentioned.  Clearly, this skeletal complaint fails to meet the minimal pleading requirements.

## IV. Eleventh Amendment Immunity

The Eleventh Amendment states:  "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects

---

[5] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570; 127 S.Ct. 1955; 167 L.Ed.2d 929.

[6] *Ashcroft v. Iqbal*, 556 U.S. 662, 678; 129 S.Ct. 1937; 173 L.Ed.2d 868 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544; 127 S. Ct. 1955; 167 L.Ed.2d 929 (2007)).

of any Foreign State."[7] The Eleventh Amendment presupposes the sovereignty of each individual state and its right not to be sued in federal court without its consent or an Act of Congress.[8] Further, the United States Supreme Court has interpreted the Eleventh Amendment to permit injunctive relief in some instances, but prohibits the award of retroactive monetary relief.[9]

The plaintiff, Lambus, asserts that he is entitled to $50,000 in actual damages and $50,000 in punitive damages. These damages are for alleged past treatment by JSU. As such, JSU is immune from suit in federal court under the Eleventh Amendment, because Lambus seeks retroactive monetary relief.

## V. Section 1983 Claim

Lambus' complaint suffers an additional ill. Although Lambus provides no statutory ground for the urgings in his complaint, this court believes he is submitting his dispute under Title 42 U.S.C. § 1983. Section 1983, however, creates a cause of action against a *"person who, under color of [law . . .] subjects [. . .] any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws [. . .](emphasis added).*[10] The United States Supreme Court, in *Will v. Michigan Department of State Police,* ruled that a state is not a "person" within the meaning of §1983.[11] In the *Will* case, the Court

---

[7] U.S. CONST. amend. XI.
[8] *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54; 116 S.Ct. 1114; 134 L.Ed. 252 (1996).
[9] *See Edelman v. Jordan*, 415 U.S. 651, 668-69; 94 S.Ct. 1347; 39 L.Ed.2d 662.

[10] Title 42 U.S.C. § 1983.

[11] *Will v. Michigan Department of State Police*, 491 U.S. 58 (1989).

made clear that "[s]ection 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a state for alleged deprivations of civil liberties."[12]  This immunity extends to governmental entities that are considered "arms of the state."[13]

JSU is an academic institution created by an Act of the Mississippi Legislature.[14] As such Jackson State is a state entity[15] and pursuant to *Will* and its progeny, JSU is not a "person" under § 1983.  Accordingly, Lambus' complaint fails to state a claim under Title 42 U.S.C. §1983 against JSU.

### VI. State Law

Lambus does not assert any state law claims, but if he were to do so, those claims would be barred by the Mississippi Tort Claims Act ("MTCA").[16]  MTCA exempts governmental entities and employees so long as they are "acting within the course and scope of their employment" and the claim is "[b]ased upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a governmental entity or employee thereof, whether or not the discretion be abused."[17] Lambus alleged in his complaint that JSU prevented him from completing his master's

---

[12] *Id*. at 66.

[13] *Mt. Healthy City School District Board of Education v. Doyle*, 429 U.S. 274, 280 (1977).

[14] *See* Miss. Code § 37-125-1.

[15] Miss. Const. Art. 8, § 213-A.

[16] Miss. Code § 11-46-9, et seq.

[17] Miss. Code §11-46-9(1)(d).

degree.  The State of Mississippi, however, recognizes a University's right to discretion in managing academic affairs.[18]  As such, JSU is insulated from suit under MTCA in this particular instance.

In addition, the MTCA requires the plaintiff to file a Notice of Claim 90 days prior to filing an action.[19]  Lambus failed to follow this procedure and instead sent a Notice of Claim on May 9, 2011, the same day that he filed his complaint.

MTCA also requires the plaintiff to bring his claim within one year of the alleged wrongful conduct.[20]  Lambus alleges that his civil rights were violated in 2009, but did not file this suit until 2011, well over the one-year statute of limitations period.  Thus, even if Lambus had asserted a sufficient claim under MTCA, that claim would be procedurally barred by the statute of limitations.

### VII.  *Pro Se* Status

Plaintiff is acting *pro se*.  The law is clear on this matter.  Although the court will not dismiss a meritorious complaint simply because the *pro se* party "inartfully drafted" that complaint,[21] a *pro se* plaintiff is held to the "same rules of procedure and substantive law as represented parties."[22]  In other words, the plaintiff is not granted any special dispensations, rights, or privileges beyond those normally granted to parties

---

[18] *University of Mississippi Medical Center v. Hughes*, 765 So.2d 528, 535 (2000).

[19] Miss. Code § 11-46-11(1).

[20] Miss. Code § 11-46-11(3).

[21] *Moore v. Ruth*, 556 So.2d 1059, 1069 (Miss. 1990).

[22] *Dethlefs v. Beau Maison Development Corp*, 511 So.2d 112 (Miss. 1987).

represented by counsel. This court will not provide special treatment to the plaintiff merely because he is has chosen to assert his right to self-representation.

### VIII.  Conclusion

Because of the aforementioned reasons, this court hereby grants defendant Jackson State University's Motion to Dismiss.  This complaint is dismissed in its entirety.

**SO ORDERED AND ADJUDGED** this the 29th day of August, 2012.

**s/ HENRY T. WINGATE**
**UNITED STATES DISTRICT JUDGE**


Civil Action No. 3:11-CV-00270-HTW-LRA
Order of Dismissal